IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 22-cv-01682-CNS-NRN

THOMAS PHIL MERCHANT,

    Plaintiff,

v.

BARRY GOODRICH,
CHRISTIANNA CAPPELLUCCI,
BRIAN LOVATO,
ASHLEY MACEK, and
NAOMI HENSEN,

    Defendants.

## ORDER

Before the Court is United States Magistrate Judge N. Reid Neureiter's Recommendation to grant Defendants' Motion for Summary Judgment. ECF No. 74 (summary judgment motion); ECF No. 87 (Recommendation). Plaintiff did not object to the Recommendation. More critically, Plaintiff did not respond to the motion for summary judgment—even though Magistrate Judge Neureiter extended Plaintiff's deadline to respond three times. For the reasons below, the Court AFFIRMS and ADOPTS the Recommendation, GRANTS Defendants' motion for summary judgment, and dismisses Plaintiffs' claims without prejudice.

I.     SUMMARY FOR *PRO SE* PLAINTIFF

At the end of his Recommendation, Magistrate Judge Neureiter advised that you had 14 days after service of the Recommendation to file a written objection. ECF No. 87 at 14. You did not file an objection or otherwise respond within that window. Even if you had filed an objection, any arguments would have been waived because of your failure to respond to Defendants' motion for summary judgment. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")

The Court has reviewed the Recommendation and has determined that it is correct. The Court will explain why it is adopting the Recommendation below, including a discussion of the legal authority that supports this conclusion. Because the Court is affirming Magistrate Judge Neureiter's Recommendation and granting Defendants' motion for summary judgment, your claims against Defendants are dismissed without prejudice, which means that you may refile your claims, if you can satisfy the procedural and jurisdictional requirements. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)).

II.    BACKGROUND

Magistrate Judge Neureiter provided a thorough overview of the factual and procedural background of the case, noting the three extensions he granted Plaintiff to

respond to Defendants' motion for summary judgment. See ECF No. 87 at 2–6. The Court will not repeat that background here.

### III. LEGAL STANDARD & ANALYSIS

When—as is the case here—a party does not object to a Magistrate Judge's Recommendation, the Court "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable discretion" when reviewing "unchallenged" recommendations. *Id.* Here, the Court has reviewed Magistrate Judge Neureiter's thorough Recommendation and is satisfied that it is sound and that there is no clear error on the face of the record.

### IV. CONCLUSION

The Court AFFIRMS and ADOPTS Magistrate Judge Neureiter's Recommendation, ECF No. 87, in its entirety as an order of this Court. Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment. ECF No. 74. The Final Pretrial Conference is VACATED, and the Clerk of Court is directed to close this case.

DATED this 24th day of January 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge